122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald ELAM, Petitioner-Appellant,
v.
Daniel B. VASQUEZ, Warden, Soledad State Prison; Daniel E.
Lungren, Attorney General for the State of
California, Respondents-Appellees.
 No. 96-55683.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-94-05009-ER; Edward Rafeedie, District Judge, Presiding.
 Before: BROWNING, and SCHROEDER, Circuit Judges and RESTANI, Judge.**
 MEMORANDUM*
 The state concedes Elam has exhausted his state remedies, because the California Supreme Court's citation to In re Miller, 112 p.2d 10 (Cal.1941), indicates the court denied the petition on the same grounds as the prior denial, which in this case means a decision on the merits. See Red Brief at 3-4 n. 1. The state contends, however, that Elam's petition, although exhausted, is nonetheless barred because Elam failed to comply with California's procedural rule which requires a habeas petitioner to explain the reason for delay in presenting his claim. The district court concluded the new witness affidavits presented with Elam's second habeas petition constituted "new operative facts and significant new evidence" relating to the claim he presented in his first petition, and since Elam did not explain his reason for the delay in presenting these affidavits, his claim was procedurally defaulted. Elam was asked to "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition."
 Elam did not delay in discovering the claimed grounds for relief or in raising them in his petition. The witness affidavits did not state new grounds for relief but merely provided further support for the grounds for relief presented in Elam's first petition to the California courts, i.e., that his attorney should have investigated the testimony of the confidential informant and whether the evidence seized from his grandfather's and uncle's homes without a search warrant should have been excluded. See Excerpt of Record Volume II pages 86-90 (Petition for Writ of Habeas Corpus in Court of Appeal of California for the Second Appellate District). Elam has consistently argued that the only claim for relief he raised was ineffective assistance of trial and appellate counsel, and that he raised this claim in a timely manner. Elam's petition is not procedurally barred. The district court should consider his petition on the merits.
 REVERSED AND REMANDED.
 
 
 1
 SCHROEDER, Circuit Judge, concurring in the judgment.
 
 
 2
 I agree that the California Supreme Court's citation to In re Miller, 112 P.2d 10 (Cal.1941), indicates a rejection of Elam's petition on the merits, and that Elam has therefore exhausted his state remedies. See ante at 1; Red Brief at 3 n. 1. I believe the citation to Miller also removes any state procedural bar to consideration of Elam's petition.
 
 
 3
 "State procedural bars are not immortal ...; they may expire because of later actions by state courts. If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Because the California Supreme Court considered and rejected Elam's petition on the merits, his failure, if any, to comply with California's procedural rule does not bar review of his claim in federal court.
 
 
 
 **
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3